UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LEVI B. SPEARS, | Case No.: 3:21-cv-00373-MMD-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | Re: ECF No. 8 |
| DARIN BALAAM, et al., | |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

Before the court is Defendants' motion to dismiss. (ECF No.8, supplement at ECF Nos. 12, 12-1.) Plaintiff did not initially receive the motion, and Defendants re-served it on him. (ECF Nos. 13, 14.) Plaintiff then filed a response to the motion to dismiss (ECF No. 15), and Defendants filed a reply (ECF No. 16).

After a thorough review, it is recommended that Defendants' motion be granted in part and denied in part, as set forth below.

## I. BACKGROUND

Plaintiff is currently an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. However, the events giving rise to this action took place while Plaintiff was housed at the Washoe County Detention Facility (WCDF). (Compl., ECF No. 1-1.)

The court screened Plaintiff's complaint and allowed him to proceed with a First Amendment claim against defendants Washoe County Sheriff Balaam and Deputy Sheriff Clark

based on allegations that while he was incarcerated within the WCDF, Defendants enforced a policy that limited Plaintiff to sending mail on postcards which curtailed his ability to send various types of outgoing mail and did not serve any penological purpose. (ECF No. 5.) Plaintiff seeks injunctive relief, as well as compensatory and punitive damages. (ECF No. 1-1 at 8.)

Defendants move to dismiss Plaintiff's complaint, arguing: (1) Plaintiff did not exhaust his administrative remedies prior to filing suit; (2) Plaintiff's claim for injunctive relief should be dismissed because Plaintiff is no longer housed at the WCDF; (3) Eleventh Amendment immunity bars the official-capacity claims against Balaam and Clark; (4) Plaintiff does not include allegations that would give rise to punitive damages; and (5) Plaintiff does not allege any physical injury, so he is entitled to only nominal damages on his personal-capacity claims.

## II. LEGAL STANDARD

As a general rule, the court may not consider any material beyond the pleadings in ruling on a motion to dismiss without converting it into a motion for summary judgment. Fed. R. Civ. P. 12(d); *see also Lee v. City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001); *see also Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (per curiam) (the court will "consider only allegations contained in the pleadings, exhibits attached to the complaint, and matters properly subject to judicial notice."). In addition, unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014), *overruling in part Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) (stating that the failure to exhaust should be raised in an "unenumerated 12(b) motion").

For their exhaustion argument, Defendants filed a supplement which includes the declaration of Brock Kyler and a copy of WCDF's Standard Operating Procedure regarding the

grievance process. (ECF Nos. 12-1, 12-2.) These are not exhibits attached to the complaint or matters of which the court may take judicial notice. Therefore, the court must convert Defendants' motion into a motion for summary judgment insofar as they argue that Plaintiff failed to exhaust his administrative remedies.

The court will address Defendants' motion to dismiss the official capacity claims, the request for injunctive relief, and the request for compensatory damages under Federal Rule of Civil Procedure 12(b)(6), since they do not rely on materials outside the pleadings with respect to those arguments. (ECF No. 8 at 2:14-16.)

**A. Summary Judgment**

The legal standard governing this motion is well settled: a party is entitled to summary judgment when "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Cartrett*, 477 U.S. 317, 330 (1986) (citing Fed. R. Civ. P. 56(c)). An issue is "genuine" if the evidence would permit a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). A fact is "material" if it could affect the outcome of the case. *Id*. at 248 (disputes over facts that might affect the outcome will preclude summary judgment, but factual disputes which are irrelevant or unnecessary are not considered). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Anderson*, 477 U.S. at 250.

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted); *see also Celotex,* 477 U.S. at 323-24 (purpose of summary judgment is "to isolate and dispose of factually unsupported claims"); *Anderson,* 477

U.S. at 252 (purpose of summary judgment is to determine whether a case "is so one-sided that one party must prevail as a matter of law"). In considering a motion for summary judgment, all reasonable inferences are drawn in the light most favorable to the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citation omitted); *Kaiser Cement Corp. v. Fischbach & Moore Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). That being said, "if the evidence of the nonmoving party "is not significantly probative, summary judgment may be granted." *Anderson,* 477 U.S. at 249-250 (citations omitted). The court's function is not to weigh the evidence and determine the truth or to make credibility determinations. *Celotex,* 477 U.S. at 249, 255; *Anderson*, 477 U.S. at 249.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'… In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rest., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party cannot establish an element essential to that party's case on which that party will have the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The opposing party need not establish a genuine

dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Matsushita*, 475 U.S. at 587. Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

**B. Motion to Dismiss**

Federal Rule of Civil Procedure 12(b) contemplates the filing of a motion to dismiss for the failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). In reviewing the complaint under this standard, the court must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to plaintiff, and resolve all doubts in the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). This does not apply, however, to "legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). "While legal conclusions can provide the framework for a complaint, they must be supported by factual allegations." *Id*. at 679.

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the

district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) (dismissed as frivolous); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. DISCUSSION

**A. Exhaustion**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001). The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007).

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should determine the facts [in a preliminary proceeding]." *Id.*, 1168, 1170-71 (citations omitted).

Once a defendant shows the plaintiff did not exhaust available administrative remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is something in his particular case that made the existing and generally available administrative remedies effectively unavailable to him." *Id.* at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n. 5 (9th Cir. 1996)). The ultimate burden of proof, however, remains with the defendant. *Id*.

6

1    To reiterate, an inmate need only exhaust "available" administrative remedies. *See Ross v. Blake*, 136 S.Ct.1850, 1858 (2016). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id*. at 1859 (quoting *Booth*, 532 U.S. at 738).

An inmate within the WCDF must first try to informally resolve his issue with the housing unit deputy, which can be done through an oral complaint and will be considered an informal grievance. If unresolved, an inmate request is completed on the kiosk in the housing unit, which will be reviewed by the housing unit deputy for a formal answer. If the inmate is not satisfied with the response, the inmate can address the formal grievance with a sergeant, who will review and answer the grievance or route it to the appropriate area or personnel. If the inmate is still not satisfied with the response, he can address the formal grievance with a lieutenant, and the lieutenant's response concludes the grievance. (ECF No. 12-1 at 6, 25.)

Defendants provide the affidavit of Brock Kyler, who is a sergeant with the Washoe County Sheriff's Office. He states that Plaintiff was incarcerated within the WCDF between October 14, 2020 and January 27, 2021, and during that time, he did not file any grievances concerning his conditions of confinement. (Brock Decl., ECF No. 12-1 at 2 ¶ 1.)

In his response, Plaintiff admits he did not exhaust his administrative remedies within WCDF, but this was because he did not know his rights were being violated until he was moved to NDOC custody when another inmate showed him two similar cases. He could not file a grievance within WCDF because he was no longer in the custody of WCDF. Therefore, administrative remedies were not available to him.

Defendants do not address Plaintiff's argument that administrative remedies were unavailable to Plaintiff because he was no longer in WCDF's custody. Plaintiff filed his

complaint on August 19, 2021, some seven months after he left the custody of WCDF. (ECF No. 1-1.) It is unclear how Plaintiff could have filed a grievance regarding conduct that occurred within the WCDF, which requires the use of the WCDF kiosk system, when he was in the custody of NDOC. Accordingly, the court finds that administrative remedies were unavailable to Plaintiff, and Defendants' motion to dismiss Plaintiff's complaint on the basis that he failed to exhaust administrative remedies should be denied.

**B. Injunctive Relief**

Next, Defendants argue that because Plaintiff is no longer incarcerated within the WCDF, his claims for injunctive relief should be dismissed because he does not allege that he continues to be injured by a system-wide policy.

It is well settled that, with several exceptions, a prisoner's claims for injunctive and declaratory relief related to prison conditions are rendered moot by the inmate's transfer to another prison facility. *Alvarez v. Hill*, 667 F.3d 1061, 1064 (9th Cir. 2012) (citing *Dilley v. Gunn,* 64 F.3d 1365, 1368 (9th Cir. 1995) (injunctive relief); *Rhodes v. Stewart*, 488 U.S. 1, 2-4 (1998) (per curiam) (declaratory relief)). The reason is that the inmate "is no longer subject to the conditions or policies he challenges." *Id*. (citations omitted). "'Any declaratory or injunctive relief ordered in the inmate's factor in such situations would have no practical impact on the inmate's rights and would not redress in any way the injury he originally asserted.'" *Id*. (quoting *Incumaa v. Ozmint*, 507 F.3d 281, 287 (4th Cir. 2007)).

One exception to the mootness doctrine applies when the inmate challenges a "system-wide" policy. "While the transfer of an inmate to a new prison will usually moot a challenge to conditions at a 'particular facility,' … that is not true when the inmate attacks a 'system wide' policy." *Johnson v. Baker*, 23 F.4th 1209, n. 2 (9th Cir. 2022) (citing *Walker v. Beard*, 789 F.3d

1125, 1132 (9th Cir. 2015)); *see also Nelson v. Heiss*, 271 F.3d 891, 893, 897 (9th Cir. 2001) (inmate's claim that his trust fund had been mishandled was not moot even though he transferred to another facility within the system because the policy was "system-wide" and one of the defendants was in charge of the policy).

That exception does not appear to apply here, as the WCDF policy could not qualify as "system-wide" such that it would have an impact on him while in custody of NDOC.

Another exception to the mootness doctrine is for claims that are capable of repetition, yet evade review. This exception is "'limited to *extraordinary cases* in which (1) the duration of the challenged action is too short to be fully litigated before it ceases, and (2) there is a reasonable expectation that the plaintiff will be subjected to the same action again.'" *Alvarez*, 667 F.3d at 1064 (quoting *C.F. ex rel. Farnan v. Capistrano Unified School Dist.*, 654 F.3d 975, 983 (9th Cir. 2011)) (emphasis added). The court will address these factors in reverse order.

In *Alvarez*, the plaintiff alleged that prison employees burdened his practice of religion. During the pendency of his case, he completed his prison term and was released. The Ninth Circuit found that the only way he might be subject to the same action again was if he returned to the prison's custody because he committed another crime. *Id.* The Ninth Circuit concluded that such a possibility was "too speculative a basis on which to include that [the plaintiff's] claims are capable of repetition." *Id.* (citing *United States v. Howard,* 480 F.3d 1005, 1009 (9th Cir. 2007) ("acknowledge[ing] that we cannot assume that criminal conduct will be recurring on the part of. Therefore, Alvarez's claims for injunctive relief did not fall within the capable of repetition yet evading review exception to the mootness doctrine.

Plaintiff does not address whether there is a reasonable expectation he may be subject to WCDF's postcard policy again. The court finds, like *Alvarez*, the most likely way Plaintiff would

9

be subject to the postcard policy again is if he were released from the custody of NDOC and committed another crime, and under *Alvarez*, this is too speculative to conclude the claim is capable of repetition.

To satisfy the first factor of this exception, the controversy must be of "*inherently* limited duration." *Protectmarriage.com-Yes on 8 v. Bowen*, 752 F.3d 827, 836 (9th Cir. 2014) (emphasis original). "This is so because the 'capable of repetition, yet evading review' exception is concerned not with particular lawsuits, but with classes of cases that, absent an exception, would always evade judicial review." *Id*.

The court acknowledges that it may be difficult for a pretrial detainee at WCDF to challenge a WCDF policy and seek injunctive relief given the typically brief time period an inmate is typically in the custody of WCDF. However, it is not impossible. A detainee may, for instance, initiate his complaint along with a motion for injunctive relief that may be addressed before he enters the custody of NDOC or is otherwise released from the jail's custody. Therefore, the court cannot conclude that the claim will evade review.

In sum, Defendants' motion to dismiss Plaintiff's request for injunctive relief on the basis that he is no longer incarcerated within the WCDF should be granted.

**C. Official Capacity Claims & the Eleventh Amendment**

Next, Defendants argue that Plaintiff's official capacity claims against Defendants must be dismissed under the Eleventh Amendment.

"[F]ederal courts are barred by the Eleventh Amendment from awarding damages against *state* officials acting in their official capacities[.]" *Snow v. McDaniel*, 681 F.3d 978, 991 (9th Cir. 2012) (citing *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914 918 (9th Cir. 2003)),

*overruled on other grounds in Peralta v. Dillard,* 744 F.3d 1076 (9th Cir. 2014)) (emphasis added).

Here, Plaintiff has sued Washoe County Sheriff Balaam and Deputy Clark regarding a mail policy at the WCDF. The instant suit appears to be brought against county actors, and not state actors. Therefore, Eleventh Amendment immunity ordinarily does not apply. *Monell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690-91, n. 54 (1978); *Will v. Michigan Dept. of State Police,* 491 U.S. 58 (1989) ("States are protected by the Eleventh Amendment while municipalities are not[.]").

When local government units are considered part of the state, they can be entitled to Eleventh Amendment immunity. *See Monell,* 436 U.S. at n. 54; *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997). Courts analyze whether an officer is a state or county official "by looking to state law to determine whether the particular acts the official is alleged to have committed fall within the range of the official's state or county functions." *Botello v. Gammick*, 413 F.3d 971, 979 (9th Cir. 2005) (citing *Weiner v. San Diego County*, 210 F.3d 1025, 1028-29 (9th Cir. 2000), *discussing McMillan v. Monroe County*, 520 U.S. 781, 785-86 (1997).

The court cannot determine from the allegations of the complaint whether Sheriff Balaam or Deputy Clark were acting on behalf of Washoe County or on behalf of the State. If the latter, they would be entitled to Eleventh Amendment immunity from suit for damages in their official capacities.[1]

---

[1] Federal courts are barred by the Eleventh Amendment from awarding *damages* against state officials acting in their official capacities, but not for injunctive relief "because 'official-capacity actions for prospective relief are not treated as actions against the State.'" *Will*, 491 U.S. at n. 10 (emphasis added, quoting *Kentucky v. Graham*, 473 U.S. at 167, n. 14. In this case, however, the court has recommended dismissal of Plaintiff's request for injunctive relief.

1    Defendants' motion to dismiss Plaintiff's official capacity damages claims should be
2 denied, but the denial should be without prejudice so that Defendants may raise the argument
3 again in a properly supported motion for summary judgment.

**D. Punitive Damages**

"Punitive damages are awarded in the jury's discretion 'to punish [the defendant] for his outrageous conduct and to deter him and others like him from similar conduct in the future.'" *Smith v. Wade*, 461 U.S. 30, 54 (1983) (quoting Restatement (Second) of Torts § 908(1) (1977)). Punitive damages are awarded in the jury's discretion. *Id.* To be awarded punitive damages, the plaintiff must demonstrate the defendant's conduct was "motivated by evil motive or intent, or … involves reckless or callous indifference to the federally protected rights of others." *Id*. at 56; *see also Dang v. Cross*, 422 F.3d 800, 807 (9th Cir. 2005) (citation omitted, "malicious, wanton, or oppressive acts or omissions are within the boundaries of traditional tort standards for assessing punitive damages"); Ninth Circuit Model Civil Jury Instruction 5.5.

Defendants argue that Plaintiff does not allege facts evidencing evil motive or reckless indifference. Therefore, they contend that Plaintiff's request for punitive damages should be dismissed.

The court finds this is an issue that should be presented to the jury should the case proceed past dispositive motions. *See Elias v. Navasartian*, No. 1:15-cv-01567-LJO-GSA-PC, 2017 WL 1013122, at *4 (E.D. Cal. Feb. 17, 2017) (in a prisoner civil rights case, "the decision whether to award damages is ordinarily made by the jury at trial"); *Pullano v. No. 8170, CCDC Guard*, No. 2:10-cv-00335-MMD-VCF, 2013 WL 1758999, at *2 (D. Nev. Apr. 24, 2013)[2]

---

[2] This case was, at one point, assigned to District Judge Miranda M. Du and Magistrate Judge Cam Ferenbach. (ECF No. 125.) District Judge Du issued the order regarding Plaintiff's request

(whether a plaintiff is entitled to punitive damages is ordinarily decided by the trier of fact at trial, and not by a judge because it requires a factual inquiry into the defendant's motives).

Municipalities and municipal employees sued in their official capacity, are immune from punitive damages under section 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Mitchell v. Dupnik*, 75 F.3d 517, 527 (9th Cir. 1996). As was noted above, State employees sued in their official capacity are also immune from punitive damages. Whether Defendants were acting for the State or Washoe County, Plaintiff cannot recover punitive damages from them insofar as they are sued in their official capacities. Dismissal of the request for punitive damages against Defendants insofar as they are sued in their official capacities is appropriate under 28 U.S.C. § 1915A(b)(2) and 28 U.S.C. § 1915(e)(2)(B)(iii).

In sum, Defendants' motion to dismiss Plaintiff's request for punitive damages should be denied as premature insofar as Defendants are sued in their personal capacity, and granted insofar as they are sued in their official capacity.

**E. Compensatory or Nominal Damages**

Defendants argue that because Plaintiff does not allege any physical injury, he is entitled to only nominal damages.

"A plaintiff who establishes liability for deprivations of constitutional rights actionable under 42 U.S.C. § 1983 is entitled to recover compensatory damages for all injuries suffered as a consequence of those deprivations." *Borunda v. Richmond*, 885 F.2d 1384, 1389 (9th Cir. 1988); *see also Smith*, 461 U.S. at 52 ("Compensatory damages … are mandatory.") Compensatory damages include actual losses, mental anguish and humiliation, impairment of reputation and

---

for damages in ECF No. 147 at 4. The case was subsequently reassigned to District Judge Jennifer Dorsey. (ECF No. 153.)

out-of-pocket losses. *See Borunda*, 885 F.2d at 1389. Although mental and emotional distress damages are available as compensatory damages under §1983, under the Prison Litigation Reform Act, "[n]o federal civil action may be brought by a prisoner … for mental or emotional injury suffered while in custody without a prior showing of *physical injury*." 42 U.S.C. § 1997e(e) (emphasis added).

"Nominal damages must be awarded in cases in which the plaintiff is not entitled to compensatory damages, such as cases in which no actual injury is incurred or can be proven." *Hazel v. Crofoot*, 727 F.3d 983, 991-92 n. 6 (9th Cir. 2013); Ninth Circuit Model Civil Jury Instruction 5.6.

Whether a plaintiff is entitled to damages, and the particular type of damages that should be awarded, are matters that should be decided not on a motion to dismiss for failure to state a claim, but by the jury (or in some cases by the court) after a finding of liability against the defendant and in favor of the plaintiff. *See* Ninth Circuit Model Civil Jury Instructions 5.1, 5.2, 5.6. Moreover, even if Plaintiff does not demonstrate he suffered a *physical injury*, that only means his claim for compensatory damages for *mental and emotional injury* is barred under section 1997e(d). Plaintiff might still recover compensatory damages if he otherwise proves he suffered an *actual injury*. Therefore, Defendants' motion to dismiss Plaintiff's request for compensatory damages should be denied.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING IN PART AND DENYING IN PART** Defendants' motion to dismiss (ECF No. 8) as follows: (1) The motion to dismiss the request for injunctive relief should be **GRANTED**;

(2) The motion to dismiss the request for damages against Defendants in their official capacity should be **DENIED WITHOUT PREJUDICE**;

(3) The motion to dismiss Plaintiff's request for punitive damages should be **DENIED** as premature insofar as Plaintiff seeks punitive damages against Defendants in their personal capacity, but should be **GRANTED** insofar as Plaintiff seeks punitive damages against Defendants in their official capacity; and

(4) The motion to dismiss Plaintiff's request for compensatory damages should be **DENIED** as premature.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: April 12, 2022

_____
Craig S. Denney
United States Magistrate Judge