UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LEVI B. SEARS, | Case No. 3:21-cv-00373-MMD-CSD |
| Plaintiff, | ORDER |
| v. | |
| DARIN BALAAM, *et al.*, | |
| Defendants. | |

**I.   SUMMARY**

*Pro se* Plaintiff Levi Sears, who is an inmate in the custody of the Nevada Department of Corrections ("NDOC"), brings this action under 42 U.S.C. § 1983 against Defendants Washoe County Sheriff Balaam and Deputy Sheriff Clark.[1] Before the Court is a Report and Recommendation ("R&R") of United States Magistrate Craig S. Denney (ECF No. 17), recommending the Court grant in part and deny in part Defendants' motion to dismiss (ECF No. 8 ("Motion")).[2] Defendants filed a partial objection to the R&R,[3] arguing namely that Sears' Complaint should be dismissed because he admitted to failing to exhaust his administrative remedies and that he is barred from recovering

---

[1] It appears that due to a clerical error, Sears' Complaint was not filed after screening. (ECF Nos. 1-1, 5.) Because the Court granted Sears' application to proceed *in forma pauperis* and allowed Sears' First Amendment claim to proceed, the Court will direct that the Complaint be filed.

[2] Defendants filed a supplement to their Motion, which included an affidavit and exhibits in support of their Motion. (ECF No. 12 ("Supplement").) Sears filed a response to the Motion (ECF No. 13) and a response to the Supplement (ECF No. 15), Defendants then replied to both of Sears' responses (ECF Nos. 14, 16). Although both parties should have filed a single document in response and reply, in light of Sears' *pro se* status and the relative brevity of the papers, the Court will consider all documents.

[3] Defendants' first-filed objection (ECF No. 18) was followed by an amended objection (ECF No. 20). The Court treats the second-filed objection as the operative document.

compensatory damages because he failed to allege a physical injury.[4] (ECF No. 20 ("Objection").) Because the Court agrees with Judge Denney's analysis as to Defendants' Motion, the Court will adopt the R&R in its entirely and will grant Defendants' Motion in part and deny it in part.

## II.  BACKGROUND

The Court screened Sears' Complaint (ECF No. 1-1) and allowed him to proceed with a First Amendment claim against Defendants Balaam and Clark (ECF No. 5). Defendants moved to dismiss the Complaint, arguing that: (1) Sears did not exhaust his administrative remedies prior to filing suit; (2) Sears' claim for injunctive relief should be dismissed because he is no longer housed at the Washoe County Detention Facility ("WCDF"); (3) Eleventh Amendment immunity bars the official-capacity claims against Balaam and Clark; (4) Sears does not include allegations that would give rise to punitive damages; and (5) Sears does not allege any physical injury, so he is entitled to only nominal damages on his personal-capacity claims.

After filing their Motion, Defendants filed a supplement affidavit with attached exhibits supporting their administrative exhaustion defense. (ECF Nos. 12, 12-1, 12-2.) Judge Denney reasoned that these documents were neither attached to the Complaint nor matters of which the Court could take judicial notice, and converted Plaintiffs' Motion to a summary judgment motion under Federal Rule of Civil Procedure 12(d) as to the administrative exhaustion defense, but proceeded to consider Defendants' other arguments under the Rule 12(b)(6) standard. (ECF No. 17 at 2-3.)

Judge Denney reasoned that although Sears admits he did not exhaust his administrative remedies pursuant to WCDF's rules, viewed in the light most favorable to

---

[4]Sears did not respond to the Objection. The Court received notice that Sears has been transferred from Warm Springs Correctional Center to Stewart Conservation Camp. (ECF No. 19.) Defendants also sent their Objection via U.S. Mail to Sears at Stewart Conservation Camp. (ECF No. 20 at 4.) Per Local Rule IA 3-1, it is Sears' responsibility to update his address. However, because the Court has information about where Sears is currently housed, the Court will direct the Clerk to send Plaintiff a copy of this order with instructions to update his address within 30 days if he wishes to maintain this action.

Sears, his remedies may have been effectively unavailable and therefore summary judgment on Defendants' exhaustion argument was not appropriate. (*Id.* at 7.) Judge Denney relied on Sears' argument in his response that he did not know his rights were being violated while he was housed at WCDF and only learned about his rights after he was transferred to the custody of the Nevada Department of Corrections ("NDOC"). (*Id.*) Because it was not clear how Sears could have filed a grievance at WCDF after he had been transferred to NDOC, Judge Denney reasoned that those remedies were effectively unavailable. (*Id.* at 8.)

Judge Denney further recommends that Defendants' Motion be granted as to Sears' request for injunctive relief, and denied without prejudice as to the Eleventh Amendment, punitive damages, and compensatory damages arguments. (*Id.* at 8-14.) Judge Denney reasoned it is unclear whether Sears is asserting claims against Defendants in their official capacity and that barring punitive damages before the development of the record would be premature. (*Id.* at 10-13.) Moreover, Judge Denney reasoned that whether Sears' damages must be limited to nominal damages is a question for the jury and not appropriate for adjudication on a Rule 12(b)(6) motion. (*Id.* at 13-14.)

Defendants objected to Judge Denney's ruling on their administrative exhaustion and nominal damages arguments only. (ECF No. 20.)

**III.   LEGAL STANDARD**

This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party timely objects to a magistrate judge's report and recommendation, then the Court is required to "make a de novo determination of those portions of the [report and recommendation] to which objection is made." *Id.* The Court's review is thus de novo because Defendants filed their Objection. (ECF No. 20.) The Court adopts Judge Denney's rulings on the issues for which Defendants do not object.

**IV.   DISCUSSION**

Defendants make two arguments in their Objection. First, Defendants claim their

3

Motion should be granted because Sears did not exhaust his administrative remedies. (ECF No. 20 at 2.) Second, Defendants argue that Sears' claims for damages for mental and emotional injury are barred because he has not alleged a physical injury. (*Id.*) The Court will address each argument in turn.

### A.     Administrative Exhaustion

Defendants argue the Court should not adopt the R&R because Judge Denney found they were required to "supply a policy justification" for Congress' exhaustion requirement.[5] (ECF No. 20 at 2.) However, this is not the reason that Judge Denney recommended denying the Motion. Instead, Judge Denney found that Sears was not required to exhaust administrative remedies that were effectively unavailable to him. (ECF No. 17 at 7.) "[A]n inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Black*, 578 U.S. 632, 642 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 741 (2001)). The Court agrees with Judge Denney that after Sears was transferred from pretrial detention at WCDF to NDOC custody, he was effectively unable to exhaust the administrative remedies at WCDF. Defendants' Objection is therefore overruled.

### B.     Nominal Damages

Defendants next argue that the Court should dismiss Sears' claims for mental and emotional harm because he has not alleged any physical harm in the Complaint. (ECF No. 20 at 2.) In support of their argument, Defendants cite to 42 U.S.C. § 1997e(e), which prohibits suits brought by prisoners "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act." (*Id.* at 2-3.) But the Ninth Circuit has rejected this application of § 1997e(e), finding that a plaintiff asserting a claim for violation of his First Amendment rights was "not asserting a claim for 'mental or emotional injury.'" *Canell v. Lightner*, 143 F.3d 1210, 1213 (9th Cir.

---

[5]Although it is not clear why Defendants thought this was the reasoning in the R&R, it is possible that Defendants misapplied Judge Denney's reasoning from the section addressing whether Sears' injunctive relief claim was moot. (ECF No. 17 at 8.)

1998). Holding that "§ 1997e(e) does not apply to First Amendment Claims regardless of the form of relief sought," the Ninth Circuit reasoned that "[t]he deprivation of First Amendment rights entitles a plaintiff to judicial relief wholly aside from any physical injury he can show, or any mental or emotional injury he may have incurred." *Id.* This decades-old precedent could not be clearer. Accordingly, Defendants' Objection is overruled.

In sum, the Court finds Defendants' arguments in the Objection are without merit. The Court therefore overrules the Objection and adopts the R&R in its entirety.

**V. CONCLUSION**

The Court notes that the parties made several arguments and cited to several cases not discussed above. The Court has reviewed these arguments and cases and determines that they do not warrant discussion as they do not affect the outcome of the issues before the Court.

The Clerk of Court is directed to detach and file the Complaint (ECF No. 1-1).

It is further ordered that Defendants' objection (ECF No. 20) to the Report and Recommendation of U.S. Magistrate Judge Craig S. Denney is overruled. The Report and Recommendation (ECF No. 17) is therefore adopted in its entirety.

It is further ordered that Defendants' motion to dismiss (ECF No. 8) is granted in part and denied in part. Sears' claim for injunctive relief is dismissed. In all other respects, Defendants' Motion is denied.

The Clerk of Court is directed to send a copy of this order to Levi B. Sears, inmate #1241168, at Stewart Conservation Camp, P.O. Box 5005, Carson City, NV, 89702.

It is further ordered that Sears must update his address within 30 days of this order, no later than May 31, 2022, or this action may be subject to dismissal.

DATED THIS 3rd Day of May 2022.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE

5