UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

LEVI P. SEARS,

    Plaintiff

v.

DARIN BALAAM, et al.,

    Defendants

Case No.: 3:21-cv-00373-MMD-CSD

**Report & Recommendation of U.S. Magistrate Judge**

ECF No. 31

    This Report and Recommendation is made to the Honorable Miranda M. Du, Chief United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

    Before the court is Defendants' motion to dismiss. (ECF No. 31.) No response has been filed. After a thorough review, it is recommended that Defendants' motion be granted.

## I. BACKGROUND

    Plaintiff was incarcerated within the Nevada Department of Corrections (NDOC) when he filed this pro se civil rights action under 42 U.S.C. § 1983; however, the events giving rise to this action took place while Plaintiff was housed at the Washoe County Detention Facility (WCDF). (ECF No. 1-1.)

    The court screened his complaint and allowed him to proceed with a First Amendment claim against defendants Washoe County Sheriff Balaam and Deputy Sheriff Clark based on allegations that while he was incarcerated within the WCDF, Defendants enforced a policy that

limited Plaintiff to sending mail on postcards which curtailed his ability to send various types of outgoing mail and did not serve any penological purpose. (ECF No. 5.)

Defendants filed a motion to dismiss, which the court converted, in part, to a motion for summary judgment, and recommended granting the motion in part and denying it in part. (ECF Nos. 8, 17.) Defendants filed an objection to the motion, which was returned as undeliverable to Plaintiff. (ECF Nos. 18, 20.) The objection was overruled, and the report and recommendation was adopted in its entirety by Chief District Judge Du. (ECF No. 21.) In that order, entered on May 3, 2022, Chief Judge Du ordered Plaintiff to update his address within 30 days, by June 2, 2022, and the court cautioned Plaintiff that a failure to do so may result in dismissal of his action. (*Id*. at 5:22-23.) That order, as well as a motion to compel subsequently filed by Defendants, were returned as undeliverable. (ECF Nos. 23, 29.) The undeliverable notice for the latter motion indicates Plaintiff was paroled from NDOC. (ECF No. 29.)

On July 11, 2022, the undersigned issued an order that Plaintiff update his address within 30 days, by August 10, 2022. (ECF No. 30.)

On August 11, 2022, Defendants filed a motion to dismiss this action without prejudice based on Plaintiff's failure to keep the court apprised of his address. (ECF No. 31.) No response was timely filed, and the court gave Plaintiff an additional 30 days, until October 7, 2022, to file a response. (ECF No. 33.)  Plaintiff has not filed an updated address, nor has he filed a response to the motion.

**II. DISCUSSION**

Federal Rule of Civil Procedure 41(b) permits dismissal of an action for the failure to prosecute or comply with rules or a court order. Fed. R. Civ. P. 41(b).

Local Rule IA 3-1 provides that a party must immediately file with the court written notification of any change of contact information, and failure to comply with this rule may result in dismissal of the action, entry of default judgment, or other sanctions as deemed appropriate by the court. Plaintiff has not filed an updated address in accordance with Local Rule IA 3-1 or the court's orders. Nor has he otherwise indicated an intent to prosecute this action despite the court giving him numerous opportunities to do so.

In considering whether to dismiss a pro se plaintiff's action under Rule 41(b), the court considers: "(1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1998).

First, the public has an interest in expeditious resolution of litigation. Plaintiff's failure to keep the court apprised of his address or further participate in his lawsuit impedes this goal. Therefore, this factor weighs in favor of dismissal.

Second, the court's need to manage its docket is thwarted by Plaintiff's failure to prosecute his own action. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). As such, this factor weighs in favor of dismissal.

Third, the defendants risk prejudice the longer this case is carried on because the memories of witnesses will fade and evidence may be lost. *See Pagtalunan*, 291 F.3d at 643 (citation omitted). Therefore, this factor weighs in favor of dismissal.

Fourth, while there is a public policy favoring disposition of cases on their merits which weighs in favor of Plaintiff, this is not outweighed by the other factors that compel dismissal.

Finally, the court has no less drastic sanction when it has received no communication from Plaintiff. As a result, no sanction short of dismissal is feasible. Given Plaintiff's failure to get in touch with the court or update his address, monetary sanctions are not practical. Nor are other non-monetary sanctions an option as Plaintiff has apparently abandoned his case. Thus, this factor weighs in favor of dismissal.

In sum, the majority of the factors weigh in favor of dismissal under Rule 41(b).

### III. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order **GRANTING** Defendants' motion (ECF No. 31) and **DISMISSING** this action **WITHOUT PREJUDICE**.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 28, 2022

_____
Craig S. Denney
United States Magistrate Judge